DAVID L. NEALE (SBN 141225)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: dln@lnbyb.com; kjm@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re | ) Case No. 8:15-bk-10610-MW |
| | ) |
| NORTH AMERICAN HEALTH CARE, INC. | ) Chapter 11 |
| | ) |
| Debtor and Debtor in Possession. | ) **DEBTOR'S EX PARTE MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION OF CASES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JOHN L. SORENSEN IN SUPPORT THEREOF** |
| | ) [No Hearing Or Notice Required Pursuant To Local Bankruptcy Rule 1015-1] |

Pursuant to Local Bankruptcy Rule 1015-1(b), North American Health Care, Inc., the debtor and debtor in possession in the above captioned Chapter 11 bankruptcy case ("NAHC"), hereby moves, on an ex parte basis, for the emergency entry of an order jointly administering this case with the chapter 11 bankruptcy case of its affiliate Carmichael Care, Inc. ("CCI" and collectively with NAHC, the "Debtors") (Case No. 8:15-bk-10612-MW) as discussed below.

## I.  STATEMENT OF FACTS

On February 6, 2015, NAHC and CCI each filed voluntary petitions under Chapter 11 of the Bankruptcy Code.  Since the commencement of their cases, the Debtors have been operating their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

CCI is the operator of a skilled nursing facility known as Rosewood Post-Acute Rehabilitation (the "Rosewood Facility").  The Rosewood Facility is licensed by the California Department of Public Health.  NAHC provides services to CCI pursuant to a Services Agreement between NAHC and CCI.  Specifically, pursuant to the Services Agreement, NAHC provides non-licensed personnel to CCI as necessary for the business of the Rosewood Facility.  For example, NAHC provides to the Rosewood Facility bookkeeping and accounting services, strategic planning services, marketing and public relations services, supply procurement services, record storage services, payroll services, insurance procurement services, internal technology services, human resource services, and other peer review support services.

NAHC provides essential services to 36 facilities, including the Rosewood Facility.  NAHC is a highly experienced provider of services to skilled nursing facilities, and its principal place of business is in Dana Point, California.

The Rosewood Facility provides 24 hour, 7 days a week and 365 days a year care to patients who reside at the Rosewood Facility.  The Rosewood Facility currently has approximately 107 patients, and is staffed by approximately 184 employees.  The Rosewood Facility has 112 beds.  NAHC charges CCI service fees in connection with the services NAHC provides to the Rosewood Facility.

1

1    NAHC and CCI are owned by the same investors.  Specifically, NAHC is owned 44% by

2    Vermillion Investment Co. LLC, 24% by Davey Jay LLC, 28% by Oakleaf Holding, LLC, 2%

3    by Shard Holding, LLC, and 2% by Jay Kevin Laws.[1]  CCI's ownership structure is identical to

4    NAHC's ownership structure. Both entities also have the same individuals serving on each of

5    their Boards of Directors.

6    The Debtors are profitable, and cash-flow positive but the Debtors' bankruptcy filings

7    were necessitated by the barrage of alleged medical malpractice and other lawsuits filed against

8    the Debtors, claiming damages in the millions of dollars against the Debtors, and the aggressive

9    litigation tactics of the plaintiffs in these lawsuits that have diverted the Debtors' resources and

10   focus away from operating their businesses.  The Debtors vigorously and categorically deny any

11   liability with respect to these lawsuits.  The Rosewood Facility has been operated according to

12   exacting standards and the highest level of patient care.  Indeed, the Rosewood Facility continues

13   to provide exemplary, Five-Star (as rated by CMS) care for its patients.

14   Despite this record of achievement, certain plaintiffs' counsel have targeted the Debtors

15   and have relentlessly pursued what they perceive to be potential "deep pockets" for recovery.

16   However, had the Debtors not filed for bankruptcy protection, and had plaintiffs with disputed

17   claims continued their unending litigation attacks against the Debtor, or obtained their threatened

18   judgments, the inevitable result would have been that the Debtors would have been forced to

19   close their businesses.  The Debtors, after substantial consideration of possible alternatives,

20   substantial efforts to settle disputes and litigation claims, and careful consideration of the effect

21   of the bankruptcy filings on their businesses, determined that the most prudent, proactive and

22   responsible course of action in order to protect their assets and the interests of their creditors,

23

24   _____

[1] Spencer Olsen and Verla Sorensen are the managers of Vermillion Investment Co. LLC (and

25   Spencer Olsen is also the Chief Financial Officer and Treasurer of only CCI, and also an
assistant secretary and a Director of both CCI and NAHC).  Don Laws is the manager of Davey

26   Jay LLC.  John L. Sorensen is the Trustee of the Manager of Oakleaf Holding, LLC (and Mr.
Sorensen is also the President and Chief Executive Officer of NAHC, and the Chairman of the

27   Board of Directors of CCI).  Additional information regarding the officers and directors of the
Debtors will be provided when the Debtors file their Schedules of Assets and Liabilities and

28   Statements of Financial Affairs.

1  was to file for bankruptcy protection.  The Debtors intend to work to reorganize their financial

2  affairs and resolve their litigation in a cohesive, organized manner, in a single forum.

3       The following parties have filed lawsuits against both NAHC and CCI:

4       1.      Edward Goldman and Judy Goldman;

5       2.      Janet Zagon and Bonnie Nathan;

6       3.      Raymond K. Pierce by and through his Guardian Ad Litem Robert C. Shaw;

7       4.      Freddie Wilson, Sandra Tyler, Curtis Wilson, and Deborah Wilson; and

8       5.      Essie Chandler, Kenneth Chandler, and Brenda Luker Gilman.

9       Thus, joint administration of the bankruptcy cases of the Debtors is warranted and

10 appropriate under Bankruptcy Rule 1015(b), because the Debtors are affiliates, the Debtors share

11 common directors and identical ownership structures, NAHC provides essential facility services to

12 CCI, and the Debtors share certain common alleged creditors.  Because this is not a motion for the

13 substantive consolidation of the Debtors' estates, the rights of parties in interest will not be

14 prejudiced or otherwise affected in any way by the entry of an order directing the joint

15 administration of the Debtors' bankruptcy cases for procedural purposes only.

16      The Debtors' creditors will benefit from a substantial reduction of administrative costs and

17 fees and will receive streamlined, appropriate notice of pertinent matters.  The entry of an order

18 granting the Motion will eliminate the further need for the Debtors and other parties (such as

19 litigants seeking relief from the automatic stay) to file identical motions and orders in each of their

20 cases when seeking relief that is common to the Debtors or to more than one Debtor. Accordingly,

21 the Debtors respectfully submit that joint administration is in the best interests of creditors and that

22 cause exists to grant the Motion.

23                    **II.    DISCUSSION**

24      The Debtors request that the Court approve the joint administration of the Debtors'

25 bankruptcy cases.  Local Bankruptcy Rule 1015-1(b) states that "[i]f two or more cases are

26 pending before the same judge, an order of joint administration may be entered, without notice

27 and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to

28

1  FRBP 1015, supported by a declaration establishing that the joint administration of the cases is

2  warranted, will ease the administrative burden for the Court and the parties, and will protect

3  creditors of the different estates against potential conflicts of interest."

4      Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>")

5  provides that the Court may order the joint administration of cases involving a debtor and an

6  affiliate[2] where such an order "may tend to avoid unnecessary costs and delay."  Fed. R. Bankr. P.

7  1015(b)(4) and (c).  Bankruptcy Rule 1015 is designed to promote the fair and efficient

8  administration of related cases of affiliated debtors, while ensuring that no rights of individual

9  creditors are unduly prejudiced.  *See* 8 Collier on Bankruptcy ¶ 1015.03 (15th Ed. 1990); *In re*

10  *Brookhollow Assocs.*, 435 F.Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the

11  bankruptcy court to administer economically and efficiently different estates with substantial

12  interests in common"); *In re H&S Transportation Co.*, 55 B.R. 786 (Bankr. M.D. Tenn. 1985).

13      Unlike substantive consolidation which pools the assets and liabilities of related entities,

14  joint administration is merely procedural; The Debtors' bankruptcy estates would each remain

15  separate legal entities and creditors' individual rights against each estate would be preserved.  *In re*

16  *N.S. Garrott & Sons*, 63 B.R. 189, 191 (E.D. Ark. 1986); *In re Arnold*, 33 B.R. 765, 767 (Bankr.

17  E.D.N.Y. 1983).

18      Joint administration of the bankruptcy cases of the Debtors is warranted and appropriate

19  under Bankruptcy Rule 1015(b).  As noted above, the Debtors share identical ownership structures.

20  Specifically, the underlying ownership entities of the Debtors are the same and are controlled by

21  the same individuals/entities and therefore, each of the Debtors directly or indirectly own, control,

22  or hold the power to vote, 20% or more of the outstanding voting securities of another Debtor. As

23  such, the Debtors are "affiliates" of each other as that term is defined in the Bankruptcy Code.  *See*

24  11 U.S.C. § 101(2)(B). In addition, NAHC provides support, administrative and business services

25  to CCI, pursuant to a Services Agreement between NAHC and CCI.  Thus, joint administration of

26

27  ———————————

[2]  The Debtors are "affiliates" of one another as that term is defined in the Bankruptcy Code.
28  *See* 11 U.S.C. § 101(2)(B).

their cases will be more efficient and economical than separate administration. Finally, the Debtors share common alleged creditors. Specifically, both Debtors are co-defendants in at least five lawsuits. The Debtors therefore believe that joint administration of the Debtors' cases, including the use of a single pleadings docket, the combining of notices to creditors of the different estates, and the joint handling of purely administrative matters will eliminate any potential confusion and waste associated with maintaining separate dockets, and will aid in expediting the cases and rendering the process less costly.

Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' bankruptcy cases for procedural purposes only. To the contrary, the Debtors' creditors will benefit from a substantial reduction of administrative costs and fees and will receive streamlined, appropriate notice of pertinent matters. Moreover, to the extent any conflict between the estates arises, the Court may take further steps to modify its order of joint administration to eliminate any such conflict. In light of the foregoing, the Court should exercise its discretion under Bankruptcy Rule 1015(c) and order joint administration of the cases.

As the entry of an order granting the Motion will eliminate the further need for the Debtors to file identical motions and orders in each of their cases when seeking relief that is common to the Debtors or to more than one Debtor, joint administration will prevent the waste of judicial resources related to, for example, the docketing of identical motions, declarations and orders in each of the cases, and will permit the avoidance of substantial (and duplicative) copy costs and service costs to the estates associated with the filing and serving of motions and other pleadings in each of the cases. Indeed, if this Motion is not granted on an ex parte, emergency basis, the Debtors may each be required to file identical emergency "first day" motions in each of the Debtors' cases, which would force the Debtors to incur substantial and unnecessary fees and costs in the preparation and service of duplicate motions. Based on the foregoing, the Debtors respectfully

1   submit that joint administration is in the best interests of creditors and that cause exists to grant the

2   Motion.

3         In the event the Court orders joint administration of the cases of the Debtors' cases, the

4   Debtors respectfully suggest that North American Health Care, Inc. case be used as the lead case

5   and that the following caption be approved:

6

| | |
|---|---|
| In re: | ) Lead Case No.: 8:15-bk-10610-MW |
| | ) |
| North American Health Care, Inc., | ) |
| | ) |
|      Debtor and Debtor in Possession. | ) |
| _____ | ) Jointly administered with: |
| | ) |
| In re: | ) Case No. 8:15-bk-10612-MW |
| | ) |
| Carmichael Care, Inc., | ) Chapter 11 Cases |
| | ) |
|      Debtor and Debtor in Possession. | ) |
| _____ | ) |
| | ) |
| ☒ Affects All Debtors | ) |
| | ) **NOTICE OF REQUIRED CAPTION IN** |
| ☐ Affects North American Health Care, Inc. | ) **JOINTLY ADMINISTERED CASES** |
| ☐ Affects Carmichael Care, Inc. | ) |
| | ) |
| _____ | ) |

/// 

/// 

/// 

/// 

/// 

/// 

/// 

/// 

/// 

/// 

6

III.    **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court issue an order:

(1)    authorizing the joint administration of the Debtors' bankruptcy cases;

(2)    approving the form of caption suggested herein; and

(3)    granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  February 9, 2015                    NORTH AMERICAN HEALTH CARE, INC.

By:  */s/ Krikor J. Meshefejian*
              DAVID L. NEALE
              KRIKOR J. MESHEFEJIAN
              LEVENE, NEALE, BENDER, YOO
                 & BRILL L.L.P.
              Proposed Attorneys for Debtor and
              Debtor in Possession

1

### DECLARATION OF JOHN L. SORENSEN

2      I, John L. Sorensen, hereby declare as follows:

3      1.      I am the President and Chief Executive Officer of North American Health Care,

4  Inc. ("NAHC"), and I am the Chairman of the Board of NAHC and Carmichael Care, Inc.

5  ("CCI" and collectively with NAHC, the "Debtors").  I am also the trustee of the manager of

6  Oakleaf Holding, LLC, which owns 28% of the common stock of NAHC and 28% of the

7  common stock of CCI.

8      2.      In 1996, I became Vice President of NAHC, in 1998 President, and in 2001,

9  President and CEO of NAHC.  NAHC's combined affiliate clients have the highest rating of any

10 organization nationally, of its size, for excellence in patient care. 34 of 36 client facilities,

11 including CCI, are five-star rated. Approximately 20% of all facilities nationally reach a five-star

12 status.

13     3.      I have access to the books and records of the Debtors. I am familiar with the

14 history, organization, operations and financial condition of the Debtors.

15     4.      On February 6, 2015, NAHC and CCI each filed voluntary petitions under

16 Chapter 11 of the Bankruptcy Code.  Since the commencement of their cases, the Debtors have

17 been operating their businesses as debtors in possession pursuant to Sections 1107 and 1108 of

18 the Bankruptcy Code.

19     5.      CCI is the operator of a skilled nursing facility known as Rosewood Post-Acute

20 Rehabilitation (the "Rosewood Facility").  The Rosewood Facility is licensed by the California

21 Department of Public Health.  NAHC provides support, administrative and business services to

22 CCI, pursuant to a Services Agreement between NAHC and CCI.

23     6.      NAHC provides services to a total of 36 facilities, including the Rosewood

24 Facility.  NAHC is a highly experienced provider of services to skilled nursing facilities, and its

25 principal place of business is in Dana Point, California.

26     7.      The Rosewood Facility provides 24 hour, 7 days a week and 365 days a year care

27 to patients who reside at the Rosewood Facility.   The Rosewood Facility currently has

28

approximately 107 patients, and is staffed by approximately 184 employees.  The Rosewood Facility has approximately 112 beds.  NAHC charges CCI service fees in connection with NAHC's Services Agreement with the Rosewood Facility.  NAHC charges its service fees on a monthly basis.  NAHC also pays certain expenses of the Rosewood Facility, such as insurance and certain taxes, for which NAHC gets reimbursed.

8.     NAHC and CCI are owned by the same investors.  Specifically, NAHC is owned 44% by Vermillion Investment Co. LLC, 24% by Davey Jay LLC, 28% by Oakleaf Holding, LLC, 2% by Shard Holding, LLC, and 2% by Jay Kevin Laws.[3]  CCI's ownership structure is identical to NAHC's ownership structure.  They also both have the same individuals sitting on each of their Boards of Directors.

9.     The Debtors are profitable, and cash-flow positive but the Debtors' bankruptcy filings were necessitated by the barrage of alleged medical malpractice and other lawsuits filed against the Debtors, claiming damages in the millions of dollars against the Debtors, and the aggressive litigation tactics of the plaintiffs in these lawsuits that have diverted the Debtors' resources and focus away from operating their businesses.  The Debtors deny liability with respect to these lawsuits.

10.     The Rosewood Facility has been operated according to exacting standards and the highest level of patient care.  Indeed, the Rosewood Facility continues to provide exemplary, Five-Star (as rated by CMS) care for its patients.

11.     Despite this record of achievement, certain plaintiffs' counsel have targeted the Debtors and have relentlessly pursued what they perceive to be potential "deep pockets" for recovery.  However, had the Debtors not filed for bankruptcy protection, and had plaintiffs with disputed claims continued their unending litigation attacks against the Debtor, or obtained their

---

[3] Spencer Olsen and Verla Sorensen are the managers of Vermillion Investment Co. LLC (and Spencer Olsen is also the Chief Financial Officer and Treasurer of only CCI, and also an assistant secretary and a Director of both CCI and NAHC).  Don Laws is the manager of Davey Jay LLC.  I am the Trustee of the Manager of Oakleaf Holding, LLC (and I also am the President and Chief Executive Officer of NAHC, and the Chairman of the Board of Directors of CCI).  Additional information regarding the officers and directors of the Debtors will be provided when the Debtors file their Schedules of Assets and Liabilities and Statements of Financial Affairs.

1    threatened judgments, the inevitable result would have been that the Debtors would have been

2    forced to close their businesses.    The Debtors, after substantial consideration of possible

3    alternatives, substantial efforts to settle disputes and litigation claims, and careful consideration

4    of the effect of the bankruptcy filings on their businesses, determined that the most prudent,

5    proactive and responsible course of action in order to protect their assets and the interests of their

6    creditors, was to file for bankruptcy protection.    The Debtors intend to work to reorganize their

7    financial affairs and resolve their litigation in a cohesive, organized manner, in a single forum.

8          12.    The following parties have filed lawsuits against both NAHC and CCI:

9              a.  Edward Goldman and Judy Goldman;

10              b.  Janet Zagon and Bonnie Nathan;

11              c.  Raymond K. Pierce by and through his Guardian Ad Litem Robert C. Shaw;

12              d.  Freddie Wilson, Sandra Tyler, Curtis Wilson, and Deborah Wilson; and

13              e.  Essie Chandler, Kenneth Chandler, and Brenda Luker Gilman.

14          13.    I respectfully submit that administering the Debtors' cases in unison is appropriate

15    because the Debtors share common directors and identical ownership structures, NAHC provides

16    essential facility services to CCI, and the Debtors share common alleged creditors.

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

14.    I further submit that the Debtors' creditors will benefit from a substantial reduction of administrative costs and fees and will receive streamlined, appropriate notice of pertinent matters. The entry of an order granting the Motion will eliminate the further need for the Debtors and other parties (such as litigants seeking relief from the automatic stay) to file identical motions and orders in each of their cases when seeking relief that is common to the Debtors or to more than one Debtor. Accordingly, I respectfully submit that joint administration is in the best interests of creditors and that cause exists to grant the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of February 2015 in Dana Point, California.

_____
JOHN L. SORENSEN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DEBTOR'S EX PARTE MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION OF CASES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JOHN L. SORENSEN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 9, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- David L. Neale    dln@lnbrb.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**: On **February 9, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 9, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served via Attorney Service***
Hon. Mark S. Wallace
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 6135 / Courtroom 6C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 9, 2015 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**